IGNACIO T. PEÑAGARÍCANO, Plaintiff and Appellee, v. BONOCIO B. LLENZA ET AL., Defendants and Appellants.

No. 5440. Argued April 30, 1931.—Decided May 18, 1931.

*R. Muñoz Ramos* for appellants. *William Guzmán García* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Bonocio B. Llenza and Fernando Caso jointly subscribed a promissory note for five hundred dollars in favor of Banco Comercial de Puerto Rico. They also bound themselves *in solidum* to pay interest at the rate of 12 per cent per annum in case of default, and costs, and expressly consented to any renewal or extension of the note that might be granted at the request of either of the makers, who would remain liable *in solidum* for the balance. They waived all right to notice, presentment, or protest. It was also expressly agreed that the bank could at any time, at its discretion, appropriate and apply to the total or partial payment of the obligation any moneys deposited or otherwise in the possession of the bank belonging to both or either of the signers of the instrument.

In this situation, the obligation matured but was not paid. Shortly thereafter Llenza, one of the makers, made an agreement with Ignacio T. Peñagarícano whereby the latter would pay the note "for the account of both debtors," as alleged in the complaint, without any mention being made of the other co-maker, according to the evidence, and promised to reimburse Peñagarícano for such payment within a few days. Peñagarícano called at the bank, examined the obligation, found out that Caso was also an obligor and paid the note, which he received and retained in his possession. He did not communicate with Caso. Llenza told Caso that the note had been taken up, without explaining how. Time passed and as neither Llenza nor Caso reimbursed Peñagarícano for the sum paid by him, the latter instituted the present action against both of them.

The defendants interposed a demurrer to the complaint on the ground of insufficiency, and, upon the overruling of such demurrer, they filed an answer denying that Peñagarícano had paid for the account of both defendants and alleged that such payment was made only for the account of Llenza. The theory of the answer is that a new and separate contractual relation arose between Llenza and Peñagarícano, from which Caso had been entirely excluded.

The case went to trial. Llenza was not allowed to testify as to the origin of the obligation, but Caso was finally permitted to testify as follows:

"Sometime in October 1926, I was passing in front of the Intendencia Building and met Mr. Llenza. I noticed that he was somewhat worried. He told me in conversation that he had a construction job in Florida, that that day was payday and that he needed about $500 to complete his pay roll, and asked me whether I had any objection to indorsing his note so that he could borrow the five hundred dollars from Banco Comercial. I told him I had no objection. Afterwards he came and told me that the bank had accepted my signature as collateral, and brought with him the note which I signed. Several days later, I met him and he thanked me and told me that he had taken up the note at the bank. I did not hear any more about the matter until I was served with notice of the complaint."

The case having been finally submitted for adjudication, the district court rendered a decision adjudging both defendants to pay to the plaintiff the sum claimed, together with interest thereon at 6 per cent per annum from the date of the filing of the complaint, and costs; whereupon both defendants took the present appeal.

After a careful examination of the errors assigned and of the record, we think that the judgment appealed from must be affirmed.

The truth of the testimony of Caso may be conceded; nevertheless Caso is in no position to deny that he voluntarily subscribed an obligation whereby he became liable *in solidum* and that because of the fact that there were two sol-

idary debtors, he being one of them, the bank lent the sum in question. We have repeatedly held that the written obligation prevails where it is sought to establish the relation between a creditor and his debtors.

It may also be conceded as true, that Llenza was the only debtor who spoke to the plaintiff and asked him to take up the overdue note and promised to reimburse him within a few days, and that the plaintiff acted without communicating with the other maker, Caso, and paid the note without the knowledge of the latter. However, as it is also a fact that the plaintiff examined the note, ascertained that the same had been subscribed by two solidary debtors, and paid it, it must be concluded that he is entitled, under section 1126 of the Civil Code, to recover from the debtor (both defendants in the instant case) the amount of the payment, and this is what the plaintiff is seeking in the present case.

The cited section reads as follows:

"Any person, whether he has an interest or not in the fulfillment of the obligation, and whether the debtor knows and approves it or is not aware thereof, can make the payment.

"The person paying for the account of another may recover from the debtor what he may have paid, unless he has done it against his express will.

"In such case he can only recover from the debtor in so far as the payment has been useful to him."

Based on the last clause of the second paragraph, the appellants maintain that the plaintiff is entitled to recover from Llenza but not from Caso, because although it has not been shown that Caso expressly objected to the payment made by the plaintiff, his ignorance of the plaintiff's action is tantamount to his express objection. Such a construction of the enactment can not be accepted. But even if it could, it would always result that the payment made by the plaintiff had been useful to Caso, as it relieved him from an obligation which he was bound to discharge, and he has failed to show that he might have validly defended against it if payment had been demanded of him.

There is some perplexity in the case, due to section 1127 of the Civil Code, which provides as follows:

"A person paying in the name of the debtor, without the knowledge of the latter, can not compel the creditor to subrogate him in his rights."

What is the effect of these provisions in a case like the present one? There is no doubt that the plaintiff paid Caso's debt without the knowledge of the latter. The section therefore refers to a situation like that of Caso. But here the plaintiff does not bring his action against the creditor, and consequently it seems that the section is not applicable. Now, may the plaintiff's right to recover from Caso be exercised only if the plaintiff can subrogate and does subrogate himself in the place of the creditor (the bank), or does such right arise from the mere act of payment, in accordance with section 1126?

In his commentaries on sections 1158 and 1159 of the former Civil Code, equivalent to sections 1126 and 1127 of the Revised Civil Code, Manresa expressed himself as follows:

"*Recovery of Payment and Subrogation—Differences.*—The main effects are the right of such third person to demand from the debtor reimbursement for any amount paid by him and the right to subrogate himself to the place and rights of the creditor with all the latter's powers, which such subrogation carries with it. The former result always takes place in a more or less limited manner; the latter is more contingent, and may easily fail to occur. Although at first view a certain similarity might be noted between both effects of the payment made in the circumstances suggested by the heading, the distinction existing between them is not a tenuous one; on the contrary, essential differences arising from their respective legal nature and practical operation separate them, apart from the very important distinction already indicated consisting in that one result is a consequence necessarily derived from the payment while the other may or may not be so derived.

"The right to recover the amount of a payment made for the account of a debtor rests on the mere fact of the payment and on considerations of elementary justice; but it only confers on the third person making the payment a mere personal action whose availability the law prescribes, without vesting in him the other rights, powers, or guarantees accruing to the creditor by virtue of the former obligation which, by reason of its payment, became extinguished as such. On the other hand, where subrogation lies, although it is clear that as a very important consequence thereof the third person who pays and subrogates himself in the place of the creditor enjoys the essential right to recover the payment made by him, there is, as regards the previous case, the important difference that he is clothed not only with that right, but also with any other right incident to the original obligation contracted between the creditor and the debtor; which obligation may therefore be said to have been changed as regards the identity of the claimant—rather than extinguished as to its effects and relation—to such an extent that the distinction may well be made that in such case the third person, when seeking to recover the payment, claims the amount of the obligation in accordance with its terms and by reason thereof, and not reimbursement of the payment merely on the ground of having made such payment.

"    .        .        .        .        .        .        .        .        .        .

"*Subrogation of third person to the place of the creditor.—*

"We begin this subject by suggesting that, to our mind, the rules contained in the Code regarding the subject matter of the heading have been adopted mainly on the theory that the payment is made by a third person not interested in the performance of the obligations, and do not conflict with the special provisions set forth elsewhere (novation and security) in dealing with the payment made by persons interested in such performance.

"This matter of subrogation also rests on the same basis as that already explained in connection with the recovery of payments made by a third person, namely, the attitude assumed by the debtor with respect to such payment before it is made. In accordance with such basis, subrogation lies where the debtor knows of the intention to effect the payment and makes no objection thereto, that is, where he expressly or impliedly approves it; and this either because the provision against subrogation, applicable to a different situation and contained in section 1159, shows the existence of a general rule under which subrogation takes place, or because on this point the result is assimilated to the effect of the presumptions established by the law when treating of novation.

"Where the third person makes the payment, without the knowledge of the debtor, the former can not compel the creditor to subrogate him in his rights, according to the express terms of section 1159. The same precept and result are also applicable where the debtor objects to the payment, since in such case the reasons on which said precept rests are stronger and more pronounced." Manresa, Commentaries on the Civil Code, vol. 8, pp. 245, 248.

At first view, the distinction is not readily apparent, but it does exist. We find the reason for the precept stated in *Enciclopedia Jurídica Española,* vol. 24, p. 217. There, in treating of the person who can make the payment, the said encyclopedia illustrates five different cases and, in regard to the fourth, it says:

"*A person paying in the name of the debtor, without the knowledge of the latter, can not compel the creditor to subrogate him in his rights.* The spirit underlying this rule is likewise easily understood, because it is plainly seen that a debtor can not be indifferent to being bound to a person other than the one with whom he contracted the obligation, as such other person might, on personal grounds, make said obligation more onerous or disagreeable to him. Were this principle to be rejected, the door would be opened to surreptitious investments of capital, providing an opportunity and facilities for the exercise, under a legal cloak, of revenges and vexations which the law can not countenance, not even indirectly."

A concrete case like the one now before us illustrates the differences existing between the sections of the Civil Code to which we have referred. In describing the obligation contracted by Llenza and Caso with the Banco Comercial, evidenced by the document surrendered to the plaintiff when he made the payment, we stated that the debtors not only bound themselves *in solidum* to pay the note to the creditor but they also agreed to pay interest, in case of default, at 12 per cent per annum; they expressly agreed to any renewal or extension granted at the request of either maker, and waived the right of notice, presentment, or protest; and authority was

given to the bank to appropriate and apply to the payment of the obligation any moneys deposited or otherwise in its possession belonging to the debtors.

None of the above special conditions passed on to the plaintiff as regards Caso, because the right of the plaintiff does not derive from his subrogation in the place of the creditor, but it simply emanates from section 1126 of the Revised Civil Code, by virtue of his having paid the obligation of the debtor. Accordingly, although the plaintiff paid and received the note in December, 1926, when bringing his action in November, 1929, he confined his claim strictly to the amount paid by him and interest thereon *at the legal rate* (6 per cent) *from the filing of the complaint,* and this is what the court granted in its judgment.

The question for inquiry in a case like the present one is whether there is involved a legitimate debt which the debtor was bound to pay. If so, and the obligation having been discharged by a third person, the latter has acquired, as a new and independent right, the right to recover from the debtor the amount so paid even though the payment was made without his knowledge. Where the payment is effected against the express will of the debtor, then such third person can only recover from the debtor in so far as the payment has been beneficial to the latter.

It is clear that Caso was liable *in solidum,* together with Llenza, under the note paid by the plaintiff. And as it is also clear that the plaintiff paid the obligation, manifestly he is entitled to recover from Llenza and Caso, or from either of them, the amount paid, notwithstanding the payment was made at the request of Llenza and without the knowledge of Caso.

The judgment appealed from must be affirmed.